## KEMPTON *versus* STEWART.

In submitting to the decision of the court, an alternative award of referees, under a rule of court, it is competent for them to present, not the *evidence,* which was before them, but the *facts,* which in their opinion, were proved *by* that evidence.

Where a referee, through misapprehension of the right course, submitted, in an alternative award, not the *facts* but the *evidence,* the award was recommitted.

TENNEY, J. — The referee in his report states, that it having been agreed by the parties, that the referee should report the evidence in the case, so that either party being dissatisfied with the award, might present the questions of law in the case, for the consideration of the court, and thereupon makes an alternative report, awarding in favor of one party or the other, according as the court should decide the law to be upon the testimony reported. And annexed to the report is the testimony given at the trial.

The statutes on the subject of references, R. S. chap. 138, and those of 1845, chap. 168, do not contemplate that the

court to which the report shall be made, should consider the evidence as it was adduced before the referees; and it may well be doubted, whether it is competent for them to do so. But if the referees report a statement of facts, and expressly refer the law arising thereon to the determination of the court, the acceptance or rejection of the report is not an act of discretion, but a decision of law. *Preble* v. *Reed & al.* 17 Maine, 169. But under the Act of 1845, when the report is before this court on exceptions, it has the discretionary power, to accept, reject or recommit, according to the equity of the case, that is possessed by the District Court, so that the opinion, direction, ruling or judgment of the District Court, in accepting, rejecting, or recommitting the report of referees, shall be deemed matter of law, so far as to be subject upon exceptions thereto, to revision in the Supreme Judicial Court.

The referee not having explicitly stated the facts, which he found, but having intended to submit to the court the law applicable to them, as they existed in the evidence adduced, it is equitable that the parties should have the opportunity of presenting their case anew. In pursuance of the power given to the court, in the statute last referred to, the report is recommitted.